281 COMMONWEALTH *versus* BENJAMIN BOLKOM

On an indictment against an innholder, the minutes of the Court of Sessions, of a license having been granted him to keep an inn, are admissible evidence to prove that fact, no extended record of the granting of such licenses -being kept by the court.

Where such a license has been granted, it will be presumed that the court had proper evidence before them, as the recommendation of the selectmen, &c.

An indictment against an innholder for suffering persons " to play at cards and other unlawful games," is sufficiently certain, the word *cards* being used in the statute as the name of a game, and ·the words " other unlawful games" being surplusage.

In such indictment it is not sufficient to allege, that the defendant was duly licensed and that he allowed persons to play in his inn, but it must be directly averred that he actually kept an inn.

THIS was an indictment upon *St.* 1798, *c.* 20. [See Revised Stat. *c.* 47, § 9.] There were two counts. The first alleged, that on, &c., at Attleborough, in the county of Bristol, the defendant, "being then a person there licensed as an innholder according to law, &c., did unlawfully &c. suffer and allow sundry persons &c. to play at cards and other unlawful games in the dwellinghouse of him the said Bolkom, occupied and improved by him, being the same dwellinghouse in which he was licensed to keep his inn as aforesaid," &c. The second count contained an averment that the defendant was a licensed innholder, and alleged that he " unlawfully &c. did al'ow a great number of persons &c. to play in his inn at cards and keeno table for money."

Upon the trial the attorney-general, to prove that the defendant was duly licensed as an innholder, offered in evidence a book purporting to be the book of records of the Court of Sessions of the county of Bristol, and kept by the clerk of that court, in which, under the head of " Licenses Sep-

---

[1] A *feme covert* need not sue by *prochein ami* for maintenance. *Knight* v *Knight*, 1 Taylor, 120.

If a *feme covert* improperly sues alone, advantage must be taken of the mistake by a plea in abatement. *Newton* v. *Robinson*, 1 Taylor, 72.

'ember term 1823," was entered the name of the defendant, with the names of his sureties in the recognisance required by law. The defendant objected to this evidence, until it were proved by record evidence or otherwise, that the defendant had previously been approved of by the selectmen, or otherwise, upon their unreasonable refusal to give their approbation, had made application for a license. This objection was overruled. The defendant then objected to the sufficiency of the record, because it did not set forth in full that the court had licensed him, but merely contained his name in the manner before stated. The clerk testified that the book produced was the only book of records of the Court of Sessions since 1814 ; that the entry of the license to the defendant was made in the usual and only manner in which licenses are recorded, and that the entry so made was the record of a license being granted to the defendant, and that he entered into the recognisance required by law with those persons as sureties whose names were so entered with the name of the defendant. The book was admitted in evidence and the defendant was convicted upon a general verdict, the objections made by him being reserved for the consideration of the whole Court. A motion also was made in arrest of judgment for defects in the indictment.

The cause was argued on the 15th of November, by *W. Baylies* and *Darling* for the defendant, and *Morton* (Attorney-General) for the commonwealth, and was determined on the 17th.

The counsel for the defendant insisted upon the objections taken at the trial, and observed that the Court of Sessions being a court of limited jurisdiction, every fact necessary to give it jurisdiction should be substantiated ; *Williams* v. *Blunt*, 2 Mass. R. 213 ; that the government should prove that the defendant had been regularly licensed, otherwise he might be liable to two forfeitures, one as an innholder, the other for acting as such when he had not been licensed ; *Clark* v. *Cushman*, 5 Mass. R. 507 ; that the book produced was unintelligible without the testimony of the clerk, and that parol evidence was inadmissible to explain a record.

But *per Curiam.* We see nothing in the statutes requiring a record in a technical sense. The judges of the Court of

Common-
wealth
*v.*
Bolkom.

282

Sessions, in licensing innholders; act merely as ministerial officers and not as a court of record, and their minutes are sufficient evidence.[1] The clerk's testimony was not necessary, except to prove that the book contained their minutes, and what he said in addition would not prejudice the defendant. It is objected that it does not appear that the judges proceeded upon a certificate of the selectmen, &c.[1] It was not necessary that it should appear upon the record itself, and as in many other cases of limited jurisdiction, it is to be presumed, since the judges have granted the license, that they had proper evidence before them.[*]

Upon the motion in arrest of judgment it was objected, that the charge in the indictment, of suffering persons " to play at cards and other unlawful games," was too uncertain ; that the particular game should have been specified.    *Colborne* v. *Stockdale*, 1 Str. 495 ; *Rex* v *Popplewell*, ibid. 686 ; *Rex* v. *Mason*, 2 T. R. 581 ; *Davy* v. *Baker*, 4 Burr. 2471.    But *per Curiam*, cards are considered as a game in the statute, and the words, " other unlawful games," may be rejected as surplusage.[2]

It was further objected, that the indictment ought to have alleged, not merely that the defendant was duly licensed, but that he acted as an innholder, and permitted gaming in the house occupied by him as an inn pursuant to the license.    To this it was answered, that from the time when the license was granted all the duties of an innholder became obligatory on the defendant.    But *per Curiam*.    This objection is fatal.    The whole averment in either count is, that the defendant was *duly licensed as an innholder*.    Now this may be, and yet the defendant may have chosen, from change of circumstances or change of views, not to act under the license, and the mere fact of his having obtained a license does not necessarily prove or imply that he kept an inn.    The statute of 1786, c. 68, provides, in the 14th section, that a removal from the place

---

1 Stark. Evid. (5th Amer. ed.) 256, 257.

[1] Revised Stat. c. 47, § 23.

[*] See *Goff* v. *Fowler*, *post*, 300.

[2] See *Commonwealth* v. *Arnold*, 4 Pick. 251

licensed shall supersede the license.[3] And there can be no doubt that if from any other cause the person licensed should choose not to avail himself of the license, he is at liberty to do so. It ought therefore to be directly alleged, in some form or other, that he was in the exercise of the employment of an innholder, to make him liable for the penalty sued for.[4] The indictment is bad in both counts, and the judgment must be arrested.

---

[3] See Revised Stat. *c.* 47, § 17.
See *Commonwealth* v. *Arnold,* 4 Pick. 251